IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:02CV282-1-MU

| | |
|---|---|
| JIMMY HAROLD SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| DOUG MITCHELL, supt., | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed February 18, 2003; Petitioner's Motion for Further Evidence and Clarification, filed February 28, 2003; Petitioner's Motion to Compel or, in the Alternative, to Dismiss Respondent's Answer, filed March 20, 2003.

For the reasons stated herein, and for the further reasons set forth in the Respondent's Motion for Summary Judgment, the Respondent's Motion for Summary Judgment is granted and the Petitioner's Petition for Writ of Habeas Corpus is dismissed. In addition, Petitioner's Motion for Further Evidence and Clarification and Petitioner's Motion to Compel or, in the Alternative, to Dismiss Respondent's Answer are denied.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 1999, the Buncombe County Grand Jury indicted Petitioner on two counts of possession of a firearm by a felon, one count of larceny, and three counts of being a habitual felon. On February 9, 2000, after a trial by jury, Petitioner was convicted in the Superior

Court of Buncombe County on two counts of possession of a firearm by a felon and on one count of larceny of a firearm. Subsequent to trial, Petitioner pled guilty to three counts of being a habitual felon. On February 10, 2000, Petitioner was sentenced to 135-171 months imprisonment for his possession of a firearm by a felon convictions with a consecutive sentence of 135-171 months imprisonment for his larceny of a firearm conviction. Petitioner appealed his sentence and conviction to the North Carolina Court of Appeals. On November 6, 2001, Petitioner's appeal was denied. On or about February 5, 2002, the North Carolina Supreme Court denied Petitioner's petition for discretionary review.

On May 22, 2002, Petitioner filed a Motion for Appropriate Relief (MAR) with the Buncombe Superior Court. On August 9, 2002, the Superior Court dismissed Petitioner's MAR with the proviso "the Court will allow the Defendant to file any additional documentation with regard to ineffective assistance of counsel for the Court's consideration to determine whether or not Defendant is entitled to a hearing on that issue." On August 29, 2002, Petitioner filed a "Motion in Response . . ." On October 24, 2002, Petitioner's MAR was again denied "without prejudice, if the defendant is able to produce affidavits for the Court's consideration on the issues he attempts to raise in this matter." On November 22, 2002, Petitioner's Petition for Writ of Certiorari was denied without prejudice by the North Carolina Court of Appeals.

On November 22, 2002, Petitioner filed the instant federal habeas petition. In his federal habeas petition, Petitioner asserts that: 1) he received ineffective assistance of counsel; 2) the trial court violated his constitutional rights by refusing him a handwriting expert; 3) the trial judge was biased and instilled personal remarks at Petitioner's sentencing; and 4) his indictment was unlawful.

## ANALYSIS

**I. Standard of Review for Habeas Petitions**

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claim questions of law and mixed questions of law and

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 527 U.S. 1060 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.23d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may <u>not</u> issue the writ even if it concludes in its own independent review, that the relevant state court

4

merely made an incorrect or erroneous application of the correct federal principles.  Id.

## II. Ineffective Assistance of Counsel

Petitioner alleges that he received ineffective assistance of counsel.  More specifically, Petitioner asserts that: 1) his counsel failed to research and prepare the case to include discovery; 2) his counsel was inexperienced; 3) his counsel failed to file appropriate motions; 4) he had a conflict of interest with his counsel; 5) his counsel did not interview witnesses; and 6) his counsel failed to introduce into evidence Defendant's exhibit 6.

In his MAR, Petitioner raised his ineffective assistance of counsel claims.  More specifically, Petitioner alleged that his attorney had failed to prepare and investigate his case; his attorney had a conflict of interest; his attorney was inexperienced; his attorney failed to investigate several witnesses; and his attorney failed to introduce "exhibit 6" into evidence

In denying his MAR, the state court held that:

> Insofar as Defendant's multiple claims of ineffective assistance of counsel, the Court finds that while the Defendant states there were two critical witnesses who would have testified relative to the weapons claim to have been stolen, Defendant has attached no affidavits from either witness to verify this claim; therefore, Defendant's motion as far as ineffective assistance of counsel is hereby denied.  However, the Court will allow the Defendant to file any additional documentation with regard to ineffective assistance of counsel for the Court's consideration to determine whether or not Defendant is entitled to a hearing on that issue.

(Aug. 9. 2002 MAR Order).

On August 29, 2002, Petitioner filed a response to the state MAR court's Order arguing that the MAR court had only addressed one of his ineffective assistance of counsel claims and that the evidence before the MAR court was sufficient to warrant a hearing.  Upon receipt of Petitioner's response, the MAR court issued an Order stating:

> the Court finds that the defendant's original motion for appropriate relief is not verified, and the Court directs the Defendant's attention to NCGS 15A-1420(b) which states "a motion for appropriate relief made after the entry of judgment must be supported by affidavit or other documentary evidence if based upon the existence or occurrence of facts which are not ascertainable from the records an deny transcripts of the case, or which are not within the knowledge of the judge who hears the motion."

(Oct. 24, 2002, MAR Order).

The established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

### A. Failure to Investigate Witnesses

Petitioner raised, and the MAR court ruled on, Petitioner's ineffective assistance of counsel claim based upon his attorney's alleged failure to investigate witnesses.

After providing Petitioner with the opportunity to provide the required affidavits, the MAR Court ultimately ruled that Petitioner's claim was defaulted because he had not complied

6

with § 15A-1420 which requires a petitioner to attach supporting affidavits for claims not based upon facts ascertainable from the record. Section 15A-1420(b) is an adequate and independent state procedural rule. See Richmond v. Polk, 375 F.3d 309, 324 (4th Cir. 2004). Under the procedural default doctrine, federal habeas review of claims defaulted by prisoners in state court pursuant to an independent and adequate state procedural rule are barred. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Petitioner has not established the requisite cause and prejudice to excuse his default, consequently, his claim is barred by the doctrine of procedural default.[2]

**B. Failure to Research and Prepare**

Petitioner alleges that he received ineffective assistance of counsel because she failed to research and prepare the case to include discovery. In support of his claim, Petitioner cites to testimony that appears to be from a pre-trial hearing.

Petitioner raised this claim in his MAR. It does not appear, however, that the MAR court ruled on this claim. Consequently, this Court will review the claim de novo. See Weeks, 176 F.3d at 258 (if "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits ..., our review of questions of law and mixed questions of law and fact is de novo."), aff'd, 527 U.S. 1060 (2000).

A review of the limited portion of the transcript provided by Petitioner does not support his claim. That is, the transcript merely reflects the fact that the State had an open file policy

---

[2] A finding of procedural default that rests on a determination of state law is not reviewable in a federal habeas proceeding. See Burket v. Angelone, 208 F.3d 172, 184 (4th Cir. 2000); Gilbert v. Moore, 134 F.3d 642, 657 n.14 (4th Cir. 1998). Consequently, Petitioner's argument that the state court incorrectly applied § 1420(b) is inconsequential.

with regard to discovery.[3] Moreover, the transcript reveals that Petitioner apparently agreed with whatever decision was reached. The testimony provided by Petitioner does not establish that his counsel never reviewed the State's file.

Based upon the cursory argument provided by Petitioner he, at a minimum, has failed to establish any specific prejudice resulting from discovery issues.[4] That is, Petitioner has failed to establish what precisely his counsel failed to discover that was in the State's files. In addition, Petitioner has failed to articulate how his counsel's alleged failure creates a reasonable probability that but for the error, the outcome would have been different.

C. **Conflict of Interest**

Petitioner also alleges that he received ineffective assistance of counsel because of a conflict of interest between the two of them that derived from his dissatisfaction with her services.

Petitioner raised this claim in his MAR. It does not appear, however, that the MAR court ruled on this claim. Consequently, this Court will review the claim de novo. See Weeks, 176 F.3d at 258 (if "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits ..., our review of questions of law and mixed questions of law and fact is de novo."), aff'd, 527 U.S. 1060 (2000).

---

[3] In his Traverse, Petitioner asserts that his counsel failed to file discovery. As evidenced by the testimony Petitioner provides to the Court, the state had an open file discovery policy. Contrary to Petitioner's assertions, the facts presented by Petitioner, and the record itself, do not support a conclusion that his attorney never reviewed the open file.

[4] To the extent Petitioner is raising a generic failure to research and prepare claim, such a claim is too conclusory to establish ineffective assistance. In addition, Petitioner does not provide specifics to support a conclusion that he was prejudiced..

8

For obvious reasons, this circular allegation is not sufficient to establish an independent ineffective assistance of counsel claim.

**D. <u>Failure to Introduce Exhibit 6</u>**

Petitioner alleges that his counsel was ineffective for failing to introduce the police report containing the victim's signature into evidence.

Petitioner raised this claim in his MAR. It does not appear, however, that the MAR court ruled on this claim. Consequently, this Court will review the claim de novo. See Weeks, 176 F.3d at 258 (if "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits ..., our review of questions of law and mixed questions of law and fact is de novo."), aff'd, 527 U.S. 1060 (2000).

As is evident from the trial transcript, numerous samples of the victim's handwriting were introduced into evidence. (Tr. Trans. p. 94). Petitioner fails to articulate how the failure to introduce the police report into evidence specifically prejudiced his case.[5] Because Petitioner cannot establish the requisite prejudice to prevail on an ineffective assistance of counsel claim, his claim must fail.

**E. <u>Inexperience of Counsel</u>**

Petitioner also alleges that his counsel was ineffective because she was inexperienced. In support of his contention Petitioner cites to a motion to continue filed by his counsel which set forth that this was her first felony trial. Petitioner also cites to his attorney's contention in her motions to continue that she needed more time to prepare.

---

[5] While the jury clearly requested to see the police report in question, Petitioner does not establish that if they had seen the report the outcome would have been different. A general conclusory assertion does not serve to establish that fact.

Petitioner raised this claim in his MAR. It does not appear, however, that the MAR court ruled on this claim. Consequently, this Court will review the claim de novo. See Weeks, 176 F.3d at 258 (if "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits ..., our review of questions of law and mixed questions of law and fact is de novo."), aff'd, 527 U.S. 1060 (2000).

Mere inexperience does not support a claim of ineffective assistance of counsel. See U.S. v. Cronic, 466 U.S. 648 (1984)( fact that counsel was given only 25 days to prepare for trial, that counsel was young and inexperienced in criminal matters, that charges were complex, that charges were grave, and that some witnesses were not easily accessible did not provide basis for finding ineffective assistance of counsel in the absence of showing of actual ineffectiveness). Consequently, Petitioner's claim of ineffective assistance of counsel based upon his counsel's level of experience is insufficient to independently establish that she was constitutionally ineffective.

### III. Unconstitutional Denial of Handwriting Expert

Petitioner also alleges that the state court violated his constitutional rights when it denied his motion for funds for a handwriting expert. Petitioner contends that a large part of his case hinged on the victim's signature on a sales receipt which could prove that Petitioner had purchased the gun at issue.

Petitioner raised this issue on direct appeal where it was denied. In ruling on this issue the North Carolina Court of Appeals held that the trial court did not abuse its discretion when it denied the defendant's motion for a handwriting expert. In reaching this conclusion, the North Carolina Court of Appeals noted that the defense had the opportunity to cross-examine the

individual whose handwriting was at issue. In addition, the court of appeals noted that the defense could have presented witnesses to corroborate the defendant's story. Moreover, the appeals court noted that the defense obtained several samples of the victim's signature which were admitted into evidence which allowed the jury to conduct their own comparison.

Because Petitioner's handwriting expert claim was adjudicated on the merits in his State court proceedings, this claim must fail unless Petitioner can establish that the state court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Supreme Court has recognized that an indigent defendant has a right to the appointment of a psychiatrist to assist him in his defense when he "demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial." See Ake v. Oklahoma, 470 U.S. 68 (1985). The Supreme Court has not extended this right to all experts. See Caldwell v. Mississippi, 472 U.S. 320, 323 n.1 (1985). Consequently, the state court's decision was not contrary to existing Supreme Court precedent. Nor has Petitioner successfully argued that the state court made an unreasonable determination of the facts. Consequently, Petitioner has not satisfied either of these prongs and therefore his claim must fail.

### IV. Biased Judicial Remarks

Petitioner also alleges that he was denied a fair sentencing hearing because the judge made personal and biased remarks about him at sentencing.

Petitioner raised this claim in his MAR. It does not appear, however, that the MAR court

ruled on this claim. Consequently, this Court will review the claim de novo. See Weeks, 176 F.3d at 258 (if "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits ..., our review of questions of law and mixed questions of law and fact is de novo."), aff'd, 527 U.S. 1060 (2000).

At the Petitioner's sentencing proceeding, the state court trial judge stated:

> I expect that Jimmy Smith is a personable guy, just from listening to him, somebody that people could be friends with. He has proven – he's not believe it or not, got the worst record I've ever seen in one of these cases. That was a guy from Charlotte who I sentenced for Habitual who was younger that Mr. Smith who had 32 points already in addition to his time.
> But he's proven that at least in this stage of his life, that he just has to be kept away from society. Not that he does – he doesn't do any violent stuff, fortunately, but he just keeps doing this stuff that he knows he's not supposed to do. So what I am going to do is try to keep him away from society until he gets old enough to where he will no longer be a threat to society. It's not a question of punishment or retribution, it's just a question of keeping him away from society.

(Sent. Trans. pp. 207-08).

The Due Process Clause guarantees a criminal defendant the right to a fair and impartial judge. See In re Murchison, 349 U.S. 133 (1955). To succeed on a judicial bias claim, a petitioner must overcome a presumption of honesty and integrity in those serving as adjudicators. Withrow v. Larkin, 421 U.S. 35, 47 (1975). Moreover, "most matters relating to judicial disqualification [do] not rise to a constitutional level." FTC v. Cement Inst., 333 U.S. 683, 702 (1948). To prevail in a deprivation of due process claim, a defendant must show a level of bias that made "fair judgment impossible." Rowsey v. Lee, 327 F.3d 335, 341 (4th Cir. 2003)(quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior

12

proceedings, do not constitute a basis for bias or partiality motion unless they display a deep-seated favoritism or antagonism." Liteky, 510 U.S. 540, 555 (1994).

The above-referenced comments of the state court judge were made during the sentencing phase of the proceeding after the jury had returned guilty verdicts on all three charges and after Petitioner had pled guilty to the status of habitual felon. Moreover, the judge's statements occurred after the judge had heard testimony from a defense witness, a psychologist, who had testified that Petitioner suffered from a post traumatic stress disorder, an adjustment disorder, and a mixed personality disorder with borderline antisocial and self-defeating traits. (Sent. Tran. pp. 194-99). In addition, the judge had been informed by the psychologist that antisocial behavior generally diminishes when an individual reaches the age of 40 or 45. Such comments reflect the state judge's opinion based upon the facts presented into evidence during the trial and at the sentencing hearing. This Court finds that these statements do not indicate an impermissible bias or prejudice towards Petitioner.[6] This conclusion is supported by the fact that after making the above statements, the judge sentenced Petitioner to the lowest minimum terms of the presumptive range of a class C felony with a prior record level of VI. As such, Petitioner has failed to establish that the trial judge was so biased as to make "fair judgment impossible."

## V. Unlawful Indictment

Petitioner alleges that his Indictment was unlawful because the Indictment "was moved about (3) three different charges." Petitioner contends that it was thus impossible for a true bill to be brought before the Grand Jury because "a single case of different elements must be shown

---

[6] Indeed, the Court does not find that the state court judge's statements reflected ill will toward Petitioner.

13

for a True Bill."

In state court Petitioner argued in his MAR that his Indictment was unlawful. In ruling on Petitioner's indictment claim, the MAR court held that the "indictment used to prosecute the Defendant as an habitual felon was in accordance with law and not defective as contended by Defendant."

Petitioner's unlawful indictment allegation is a state law claim.[7] A misapplication of state law, however, does not entitle a prisoner to federal habeas review. In order to state a ground for relief, a clearly established federal right violation must be alleged. See Estelle v. McGuire, 502 U.S. 62 (1991)("It is not the province of a federal habeas court to re-examine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Thomas v. Taylor, 170 F.3d 466 (4th Cir. 1999)(a claim that an act of the state legislature had been misconstrued is not cognizable on federal habeas review).

Moreover, even if he could have raised his claim in federal terms,[8] he did not do so. That is, in his MAR, Petitioner did not cite or refer to any federal, much less Supreme Court, authority in making his argument. Nor did Petitioner phrase his claim using words which would invoke constitutional authority as the basis for his claim. Likewise, the MAR court did not cite any

---

[7] Deficiencies in state indictments typically are not matters of federal law. See Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985)(Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process.).

[8] Petitioner does not even cite federal law or constitutional law when presenting his unlawful indictment claim in his federal habeas petition.

14

federal authority for its decision. Consequently, this Court holds that Petitioner did not present his defective indictment claim in a federal context to the state court and as such he has failed to exhaust his state court remedies. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir.)(stating that to satisfy the "fair presentation" requirement of the exhaustion doctrine, the ground relied upon must be presented face-up and squarely in state court), cert. denied, 531 U.S. 1193 (2001).

If Petitioner were to return to state court and attempt to raise this claim in federal terms, it would be considered procedurally barred pursuant to North Carolina's mandatory post-conviction procedural bar statute. See N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3) and (b). The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner, however, does not allege any cause[9] for his failure to exhaust and thus this Court holds that his claim is procedurally defaulted.

Finally, the state court specifically denied Petitioner's unlawful indictment claim. Consequently, because Petitioner has not established that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable

---

[9] The Court notes that any claim by Petitioner that his appellate counsel's failure to raise his claim in constitutional terms constituted cause so as to excuse his procedural default would itself be unexhausted. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

determination of the facts in light of the evidence presented in the state court proceeding his unlawful indictment claim fails. 28 U.S.C. § 2254(d).

## VI. MOTION FOR FURTHER EVIDENCE/CLARIFICATION

Petitioner alleges that Respondent delayed in sending him a copy of the motion for summary judgment. Respondent contends that the initial cover letter was misdated and that the Court and Petitioner were sent the motion on the same day. The record supports the conclusion that the cover letter was misdated.[10] Moreover, the Court fails to see how Petitioner was prejudiced in any way. That is, Petitioner's time to respond to the motion for summary judgment did not begin until the Court issued a Roseboro notice.

Petitioner also contends that Respondent failed to include with her response certain evidence and documents such as the handwriting samples introduced as evidence at his trial. There is no requirement that such items be filed.

Petitioner also complains that the State has failed to respond to his request for further evidence and clarification regarding Respondent's exhaustion argument. Respondent states that its exhaustion argument was fully set forth in its brief. Petitioner has no right to require Respondent to clarify its arguments. The sufficiency of a party's argument is for the Court to decide.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**;

2. Petitioner's Motion for Further Evidence and Clarification is **DENIED**;

---

[10] Petitioner states that the cover letter indicated that Respondent filed the motion for summary judgment on January 31, 2003, but that he was not served until February 13, 2003. Respondent's Motion for Summary Judgment was filed with the Court on February 18, 2003.

3. Petitioner's Motion to Compel is **DENIED**;

4. Petitioner's Motion to Dismiss Respondent's Answer is **DENIED**; and

5. Petitioner's Petition Under 28 U.S.C. § 2254 is **DISMISSED**.

**Signed: June 24, 2005**

Graham C. Mullen
Chief United States District Judge